97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth REED, Plaintiff-Appellant,
v.
Tom STEWART, Correctional Officer; Billy Ashley, Warden;
Phelps, Lt.; Pancake, Officer; Vic, Officer;
Steve Hiland, Dr., Defendants-Appellees.
 No. 95-6305.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 1
 Before: GUY and RYAN, Circuit Judges; JARVIS, District Judge.*
 
 ORDER
 
 2
 Kenneth Reed appeals a district court grant of summary judgment for the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reed filed his complaint in the district court alleging that he was: (1) subjected to an excessive use of force; (2) denied proper medical attention; and (3) wrongly convicted of a prison disciplinary charge. Plaintiff named the defendant Kentucky prison officials in their individual capacities and sought declaratory relief, $10,000 compensatory damages, $1,000,000 punitive damages against defendant Stewart, and $1 punitive damages against the remaining defendants. Defendants moved for summary judgment, and plaintiff failed to respond in opposition despite a district court order directing him to show cause why defendants' motion should not be granted. The district court granted summary judgment for defendants, and plaintiff filed a timely notice of appeal. Thereafter, the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50.
 
 
 5
 Upon consideration, the judgment is affirmed for the reasons stated in the district court's summary judgment entered August 24, 1995. Essentially, defendants satisfied their burden of showing the absence of evidence supporting plaintiff's claims, and plaintiff simply failed to respond showing a genuine issue of material fact remaining for trial.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief District Judge for the Eastern District of Tennessee, sitting by designation